IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY DIGIROLAMO,    On | ) | Case No. 13-40961-drd |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| DEBORAH LYNN BAILEY, | ) | |
| Plaintiff | ) | |
| VS. | ) | Adversary No. 13-04078-drd |
| ANTHONY DIGIROLAMO, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before this Court is the Motion for Summary Judgment (the "Motion") filed by Deborah Lynn Bailey (the "Plaintiff") against Anthony Digirolamo (the "Defendant"). The Plaintiff initiated the adversary proceeding seeking a determination that damages awarded to her in a previous civil action be deemed nondischargeable pursuant to 11 U.S.C. §1328(a)(4). In accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure and for the reasons set forth below, the Court grants the Motion.

**I.    FACTUAL BACKGROUND**

The following facts are undisputed. On September 29, 2009, Plaintiff filed suit in the Circuit Court of Jackson County, Missouri (the "State Court"), seeking damages she allegedly sustained when she was battered by the Defendant (the "Civil Action"). On January 27, 2010, a

return of service was filed with the State Court stating that service on the Defendant was achieved. A hearing on the Plaintiff's petition was held on August 5, 2010; no one appeared on behalf of the Defendant and no responsive pleadings were filed. After evidence was offered by the Plaintiff, judgment was entered in her favor in the amount of $50,000 actual damages and $100,000 punitive damages for "intentional tort and intentional battery" (the "Default Judgment").

On March 20, 2013, the Defendant commenced his Chapter 13 bankruptcy case. In her Motion, Plaintiff seeks a determination that the damages awarded in the Civil Action against the Defendant be excepted from discharge pursuant to 11 U.S.C. §1328(a)(4). She takes the position that the Defendant is bound by the Default Judgment and that the issues in the Civil Action are *res judicata,* that is, all elements of §1328(a)(4) have been established. The Defendant opposes the Motion on the grounds that *res judicata* cannot be applied to a dischargeability action, and that a default judgment is not considered a judgment "on the merits."

## II.    LEGAL ANALYSIS

### A.    Standard for Summary Judgment

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When reviewing the record for

summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

### B. Issue Preclusion

As an initial matter, the Court must address the Plaintiff's contention that the issues in the Civil Action are *res judicata*, and therefore, the Defendant is bound by the judgment entered in the Civil Action such that it cannot be discharged. However, as the Defendant correctly points out, not all of the preclusive doctrines apply to bankruptcy court determinations of dischargeability. Because bankruptcy courts have exclusive jurisdiction over determinations of dischargeability, *res judicata* is not applicable to dischargeability issues. *See Brown v. Felsen*, 442 U.S. 127 (1979)(rejecting contention that *res judicata* applied, and holding that bankruptcy court was not confined to state court judgment when considering dischargeability of debt); *In re Brewer*, 2006 WL 1109409 *1 (Bankr. W.D.Mo. 2006) ("…because bankruptcy courts have exclusive jurisdiction over determinations of dischargeability, *res judicata* can never be applied to state court judgments, even though the issues adjudicated in the state court may be identical in all but name."). Therefore, the Plaintiff's *res judicata* argument is without merit.

The doctrine of collateral estoppel, however, is applicable in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991). The doctrine of collateral estoppel bars an issue judicially determined in one action from being relitigated in another action. *Shahan v. Shahan*, 988 S.W.2d 529, 532 (Mo. 1999). In considering collateral estoppel, a federal court is to refer to the preclusion law of the state in which the judgment was rendered. *In re Graham*, 272 B.R. 705, 709 (Bankr. E.D.Mo. 2002)(citations omitted). Under Missouri law, the elements of collateral estoppel are: 1) the issue decided in the prior adjudication must be identical to the issue in the present action; 2) the prior litigation must have resulted in a final

3

judgment on the merits; 3) the party to be estopped must have been a party to or in privity with a party to the prior adjudication; and 4) that party must have had a full and fair opportunity to litigate the issue in the prior suit. *Shahan*, 988 S.W.2d at 533. The party asserting collateral estoppel has the burden of establishing that all four elements are satisfied. *Johnson v. Miera*, 926 F.2d 741, 743 (8th Cir. 1991).

The Plaintiff did not plead collateral estoppel. The Defendant asserts that even if she had, she would not have prevailed because 1) the Defendant was not served so he did not have a full and fair opportunity to litigate the claims in the Civil Action, and 2) there was no final judgment on the merits. With respect to the first argument, that issue has already been adjudicated. In response to a Motion to Set Aside Judgment filed by the Defendant in the Civil Action, the Circuit Judge ruled that the Defendant did not carry his burden to set aside a presumptively valid return of service by clear and convincing proof, and denied the motion. It is not the role of this Court to re-litigate the issue of service. The record in the Civil Action demonstrates that the Defendant had a full and fair opportunity to litigate the claims, and thus, the Court rejects the Defendant's argument to the contrary.

As to the Defendant's argument that there was no final judgment on the merits, this Court agrees. It is well-established that a default proceeding is not considered a trial on the merits under Missouri law. *State of Missouri ex rel. Brooks Erection & Construction Co. v. Gaertner,* 639 S.W.2d 848, 849 (Mo. Ct. App. E.D. 1982); *In re Graham*, 272 B.R. 705, 709 (Bankr. E.D.Mo. 2002), citing *Hangley v. American Family Mutual Insurance Co.*, 872 S.W.2d. 544, 547-8 (Mo. Ct. App. W.D. 1994) (a default judgment is normally not given preclusive effect under the collateral estoppel doctrine because no issue has been actually litigated). In this case, there is no dispute that a judgment was entered in the Civil Action by default. That judgment is

4

entitled "Default Judgment" and begins with the recitation that "Anthony Digirolamo having been personally served on January 26, 2010 appears not and is in default." Furthermore, as the Defendant notes in his opposition to the Motion, the transcript of the proceeding in the Civil Action shows that the judge indicated, before hearing any evidence, that he would sign the Plaintiff's proposed order. Since there was no trial on the merits, the Plaintiff could not have met her burden of satisfying all four elements of collateral estoppel.

### C. Section 1328(a)(4)

The issue before this Court is whether the record in this case establishes, without dispute, that in making its judicial determination, the State Court used standards that align with the Bankruptcy Code's nondischargeability requirements. Section 1328(a)(4) provides an exception to discharge "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." In the present case, it is undisputed that damages were awarded in a civil action against the Debtor/Defendant as a result of personal injury to the Plaintiff. The remaining issue to be resolved is whether the injury was willful or malicious.

The Eighth Circuit has defined the term "willful" as intentional or deliberate. *In re Long*, 774 F.2d 875, 880 (8th Cir. 1985). In other words, "nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury." *Kawaahau v. Geiger*, 523 U.S. 57, 61 (1998), affirming *In re Geiger*, 113 F.3d 848, 852 (8th Cir. 1997)(en banc). The Supreme Court, in considering the Eighth Circuit's reading of "willful" in the nondischargeability context, observed that the term "triggers in the lawyer's mind the category 'intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally

5

require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.' " *Id*. at 61-62.

Here, the Plaintiff alleged in her original Complaint that "Debtor/Defendant intentionally committed the following intentional acts against Plaintiff," including striking, slapping and physically grabbing her. At the default proceeding, she offered testimony about her personal and professional relationship with the Defendant and the circumstances leading up to the injuries. She introduced evidence of a prior medical condition of which the Defendant was aware. She testified that the Defendant intentionally threw her to the ground, that he kicked her and spat on her, and that he was deliberately trying to cause her bodily harm.

Q: Do you know what he did to you was rather intentional?

A: Absolutely.

Q: You don't question that?

A: No.

After the Plaintiff rested, the State Court made the following verbal ruling:

> [H]aving heard the evidence, I find generally the issues in favor of the Plaintiff and against the Defendant and as that relates to Count 2…I find the Defendant did batter the defendant[sic] and she's incurred substantial actual damages and award damages in her favor and against the Defendant…. In addition to that, I find the conduct of the defendant in this regard was outrageous because of Defendant's *evil motive* or reckless indifference to the rights of others and punitive damage award would be appropriate in the battery claim based upon the recitation of the evidence and the information contained in the police report….(Emphasis added.)

The Defendant asserts in his opposition to the Motion that the Plaintiff's testimony was a "complete and absolute fabrication of the facts," and provides documentation in an attempt to discredit her. The Defendant's efforts are misplaced. The case has already been tried and a judgment entered. It is not incumbent upon this Court to retry it. The focus of the Court is not

on whether the Defendant's conduct was willful or malicious, but rather whether the findings of the State Court comport with the willful or malicious requirement of §1328(a)(4).

The default proceeding resulted in the following Default Judgment, in relevant part:

> WHEREUPON this Court having fully considered the evidence and testimony submitted and the Court having been duly advised in the premises enters default judgment in favor of Plaintiff and against Defendant on Count II of Plaintiff's Petition for Damages Against Defendant for Battery …
>
> IT IS HEREBY ORDERED ADJUDGED & DECREED that judgment is entered against Defendant and in favor of Plaintiff on Count II of Plaintiff's Petition for Damages Against Defendant for Battery in the amount of Fifty Thousand Dollars ($50,000) in actual damages for Defendant's *intentional tort and intentional battery* against the person of Plaintiff; and judgment is entered against Defendant and in favor of Plaintiff in the amount of One Hundred Thousand Dollars ($100,000) in punitive and exemplary damages for Defendant's *intentional tort*, battery and conscious disregard for others…. (Emphasis added.)

The Defendant was found liable for battery. Battery has been defined as "intended, offensive bodily contact with another." *Geiger v. Bowersox*, 974 S.W.2d 513, 515 (Mo. App. E.D. 1998). Debts that are based upon traditional intentional torts such as assault and battery are generally regarded by bankruptcy courts as being non-dischargeable. *See, e.g.*, *In re Kelly*, 238 B.R. 156 (Bankr. E.D.Mo. 1999)(sexual harassment and battery were intentional torts falling within scope of discharge exception); *Erickson v. Halverson*, 226 B.R. 22 (Bankr. D. Minn. 1998)(because debtor committed assault, battery and false imprisonment, conduct was willful under discharge exception); *In re Harmon*, 404 B.R. 521 (Bankr. W.D.Mo. 2009)(debtor was collaterally estopped from re-litigating "willful" prong of nondischargeability analysis after state court finding of assault and battery). There is ample evidence in the record to demonstrate that the State Court found that Defendant's state of mind was such that he intended to injure the Plaintiff. This Court finds that the issue of whether the Defendant's actions against the Plaintiff

7

were "willful" was necessarily adjudicated in the Civil Action. Having concluded that the award was based upon Defendant's actions that were determined to be willful, the Court need not consider the issue of whether they were malicious.

### III.    CONCLUSION

After reviewing the entire record, the Court finds that there is no genuine dispute that the damages awarded to the Plaintiff in the Civil Action were a result of conduct found to be willful by the Defendant that caused personal injury to her, as required by §1328(a)(4). The Plaintiff has met her burden of proving that there is no genuine issue of fact and that she is entitled to judgment as a matter of law. Accordingly, the Plaintiff's Motion for Summary Judgment is granted and the debt described in Count II of her Complaint in the total amount of $150,000 is excepted from discharge.

Dated:  January 17, 2014            /s/Dennis R. Dow
                                    THE HONORABLE DENNIS R. DOW
                                    UNITED STATES BANKRUPTCY JUDGE